IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott M. McGinnis,                                        Case No. 4:23-cv-00423-JGC

               Petitioner,

    v.                                                            **ORDER**

FBOP *et al.*,

               Respondents.

      This is a habeas corpus case under 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' calculation of good-time credit under the First Step Act. 18 U.S.C. § 3624(b). He contends that such miscalculation has an adverse effect on his release date. (Doc. 1, pgID 2).

      Petitioner has also filed an "Emergency Motion for Expedited Briefing Schedule and for Expedited Review of Habeas Petition." (Doc. 2).

      Finally, Petitioner has moved that this case should be transferred from this District to the Eastern District of Michigan. (Doc. 9). In that Motion he states that he is no longer confined in this District, at FCI Elkton in Lisbon, Ohio. Instead, he is now confined to a residential reentry center in Detroit, Michigan. (*Id.*).

      For the reasons that follow, I grant Petitioner's Motion to Change Venue.

## Discussion

      A Petitioner can only file a § 2241 Petition in the district where he is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); 28 U.S.C. § 2241(a). This is because the ultimate recipient of any writ is not the petitioner but rather his custodian, who would be bound by any such writ. *Ex parte Endo*, 323 U.S. 283, 306 (1944) ("The important fact to be observed in regard to the

mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer.")

Plaintiff's present custodian is no longer in Ohio at the FCI Elkton facility. Any writ directed to FCI Elkton Respondents would thus be fruitless; Petitioner is no longer there. And unlike in *Endo*, there does not appear to be anyone else left in Ohio with the authority to release Petitioner. *Padilla*, 542 U.S. at 440–41 (2004) (distinguishing *Endo* because, despite the *Endo* prisoner's transfer outside the district, a person with custodial authority to release the prisoner *remained within* the district). The writ would need to be served upon Petitioner's current custodian in Michigan.

Nevertheless, the locus of this case is no longer within Ohio's borders. For the convenience of the parties, and in the interests of justice—to have this matter litigated in a Michigan venue appropriately having jurisdiction over the Michigan custodian—I additionally find transfer proper and warranted under 28 U.S.C. § 1404(a). *See Edmond v. Rewerts*, 2021 WL 4355163, at *1 (E.D. Mich. Sept. 23, 2021) ("When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte*.").

## Conclusion

It is, accordingly, ORDERED THAT:

1. Plaintiff's Motion to Change Venue (Doc. 9) be, and the same hereby is, granted.
2. This matter be, and the same hereby is, transferred to the Eastern District of Michigan for all further proceedings.

SO ORDERED.

/s/ *James G. Carr*
Sr. U.S. District Judge